# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

RANGER DISTRIBUTING, INC.                                                 PLAINTIFF

vs.                                          Civil Action No. 3:09cv356 HTW-LRA

ALLEN DATAGRAPH SYSTEMS, INC.                               DEFENDANT

## ORDER DENYING REMAND

This contract dispute is before the court on plaintiff's, Ranger Distributing, Inc.'s, Motion to Remand this action to the Chancery Court of Madison County, Mississippi, where this lawsuit originated. Plaintiff submits this motion pursuant to Title 28 U.S.C. §1447(c).[1] Defendant Allen Datagraph Systems, Inc., opposes the motion. Having fully considered the parties' submissions and the applicable law, this court denies plaintiff's motion. The key question here is whether this action features the requisite amount in controversy to be cognizable under Title 28 U.S.C. § 1332.[2] This court finds that such is the case and that this court has subject matter jurisdiction.

---

[1] A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 USCS §1146 (a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The state court may thereupon proceed with such case.

[2] Title 28 U.S.C. § 1332 provides in pertinent part:

  (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

      (1) citizens of different States; ...

## I. Relevant Facts

Ranger Distributing, Inc. ("Ranger"), a Mississippi Corporation, manufactures labels. Allen Datagraph ("Allen") is a New Hampshire Company that manufactures label-making equipment. The parties, thus, are diverse in citizenship.

On January 30, 2009, Ranger and Allen entered into a sales contract in Madison County, Mississippi, whereby Ranger agreed to purchase a Fusion 1.600 Label Finishing System ("Fusion") from Allen for $72,000.00 with a down payment of 25% or $18,000.00.

According to Robert Anger, President and agent for Ranger, plaintiff relied on defendant's skill and judgment to select and furnish a suitable machine to meet the specific needs of plaintiff. Defendant assured plaintiff that the machine would be fit for Ranger's particular purpose; however, says plaintiff, a sample of the proposed machine failed to meet plaintiff's expectation. Plaintiff contends that it gave defendant an opportunity to cure the problem; however, defendant did not. Accordingly, plaintiff attempted to cancel the sale and asked defendant to refund plaintiff's $18,000.00 down payment. Defendant did not return the payment.

## II. Procedural History

On May 8, 2009, plaintiff filed the instant lawsuit in the Chancery Court of Madison County, Mississippi, asserting a complaint to rescind sale, against defendant Allen, a New Hampshire Company. Plaintiff alleges defendant breached the implied warranty of fitness for a particular purpose because the machine never conformed to the specific purpose for which it was required by plaintiff. Plaintiff sought rescission and

cancellation of the sales contract and asked the court to order defendant to return plaintiff's $18,000.00 down payment, $5,000.00 custom/shipping expenses, and any remaining incidental and consequential damages with prejudgment and post judgment interests, court costs and attorney fees.[3]

Defendant removed the matter to this court on June 16, 2009, pursuant to Title 28 U.S.C. §§1332,[4] 1441,[5] and 1446(b).[6] Defendant alleges that diversity jurisdiction is proper here because both parties are from different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interests. Plaintiff timely filed this motion to remand on July 24, 2009.

### III. **DIVERSITY JURISDICTION**

Federal courts are courts of limited jurisdiction. A removing defendant bears the

---

[3] The consequential and incidental damages consist of the cost and expenses incurred by plaintiff when plaintiff ordered special parts for the Fusion 1.600 as well as for materials plaintiff furnished to defendant for the project.

[4] Title 28 U.S.C. § 1332 provides in pertinent part:

  (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

    (1) citizens of different States; ...

[5] Title 28 U.S.C. § 1441(a) states, in pertinent part, that ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[6] Title 28 U.S.C. § 1446(b) states, in pertinent part, that " the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

burden of establishing federal subject matter jurisdiction. See *Pullman Co. v. Jenkins,* 305 U.S. 534, 540, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *see also De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995); *Webb ex. rel. Groth v. City of Leland, Mississippi,* 2004 WL 3092767, 1 (N.D. Miss. 2004). "Only state-court actions that could have originally been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed. 2d 318 (1987). Thus, where there is no federal question basis for jurisdiction, the defendant bears the burden of showing that diversity jurisdiction exists.

Pursuant to Title 28 U.S.C. § 1332, diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between ... citizens of different States[.]" Here, neither party contests the fact that plaintiff and defendant are citizens of different states for purposes of diversity; rather, the issue is whether the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests.

Defendant contends that the jurisdictional prerequisite is satisfied on the face of the plaintiff's complaint. Defendant points to the language in the plaintiff's complaint that specifically states that plaintiff is seeking recession of the $72,000.00 sales contract. This contract price, coupled with the custom/shipping costs and the other consequential and incidental damages plaintiff seeks, says defendant, clearly show that plaintiff's complaint satisfies the jurisdictional prerequisite.

Plaintiff disagrees with defendant's calculation and directs the court to the ad damnum clause of its complaint, which specifically asks this court to award plaintiff

4

$23,000.00, plus pre-judgment and post-judgment interests, court costs, and attorney's fees.[7]  Additionally, plaintiff has submitted a post-removal affidavit certifying that if this lawsuit is returned to state court, plaintiff would not seek to amend its ad damnum clause to request more than $75,000.00, exclusive of interests and costs.  Plaintiff's Affidavit at 2.

Plaintiff contends that its request to rescind the sales contract is not a demand for monetary damages and should not be included in the calculation of the amount of controversy.  Additionally, plaintiff contends that even if the $72,000.00 contract is considered to be a part of the amount in controversy, defendant still has not shown that the amount in controversy will exceed $75,000.00 because the $18,000.00 plaintiff requests is a refund of a down payment that is included within the larger $72,000.00 figure.

Plaintiff's arguments are not well taken.  The Fifth Circuit has held that the amount in controversy is not necessarily the money judgement sought or recovered, but rather the value of the consequences which may result from the litigation. *Duderwicz v. Sweetwater Sav. Asso.,* 595 F.2d 1008, at 1014 (citing *Beacon Construction Co. v. Matco Electric Co.,* 521 F.2d 392, 399 (2d Cir. 1975).  Therefore, in a diversity action the value of the "matter in controversy" is not measured by the monetary result of determining the principal involved, but by its pecuniary consequence to those involved in the litigation." *Id.* (citing *Thomson v. Gaskill,* 315 U.S. 442 at 447 (1942).

Here, the pecuniary consequence to those involved in this litigation is the amount

---

[7]Plaintiff arrives at the $23,000.00 figure by adding the amount of its down payment, $18,000.00, with the $5,000.00 custom/shipping cost.

of the contract, which is $72,000.00. The contract amount, coupled with the $5,000.00 custom/shipping expenses, any other incidental and consequential damages with prejudgment and post-judgment interests, court costs and attorney fees clearly exceed the jurisdictional prerequisite required for diversity jurisdiction.

Plaintiff next points this court to its post-removal affidavit. In that affidavit, plaintiff states that it will not accept a sum in excess of $75,000.00 if this matter is remanded to state court.

This court does not accept the affidavit. First, the affidavit does not clarify some ambiguity relative to the amount in controversy. Such affidavits may be helpful when ambiguity is the case. Here, the amount in controversy is plainly seen on the face of the complaint.

A second reason for this court's refusal to accept the affidavit owes to its contradiction with plaintiff's argued reasons in its brief for remand. Plaintiff's brief proclaims that only approximately $23,000.00, plus a few incidentals, are in controversy, and not the contract price of $72,000.00. Yet, the post-removal affidavit seems to suggest that plaintiff could be awarded in state court a sum in excess of $75,000.00.

As earlier stated, this court does not accept the post-removal affidavit. This court finds from the face of the complaint that this dispute features an amount in controversy in excess of the jurisdictional minimal.

## IV.     **CONCLUSION**

Defendant has successfully established that diversity jurisdiction pursuant to Title 28 U.S.C. §1332 exists. The amount in controversy exceeds $75,000.00, exclusive of

6

costs and interests, and that plaintiff and defendant are citizens of different states. Therefore, the requirements for diversity jurisdiction are satisfied. Plaintiff's Motion to Remand this action to the Chancery Court of Madison County, Mississippi, is denied.[8]

**SO ORDERED AND ADJUDGED, this the 20th day of April, 2010.**

**s/ HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

CIVIL ACTION NO. 3:09cv356-HTW-LRA
Order Denying Remand

---

[8]Plaintiff submitted a post-removal affidavit certifying that it would not seek to recover more than $75,000.00. However, based on the above analysis, the contract amount of $72,000.00 should be considered in the calculation of damages; therefore, plaintiff's affidavit certifying that it will not seek more than $75,000.00 is irrelevant.